ROBERT BRIAN CRIM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crim v. Commissioner
Docket No. 21268-82.
United States Tax Court
T.C. Memo 1985-8; 1985 Tax Ct. Memo LEXIS 626; 49 T.C.M. (CCH) 451; T.C.M. (RIA) 85008; January 3, 1985. *626 Petitioner received $3,064 in Federal Reserve notes as wages, which he failed to include in income. Held, petitioner's receipt of Federal Reserve notes constituted taxable income to him. Held further, damages are awarded under section 6673, I.R.C. 1954, because petitioner instituted this proceeding primarily for delay. Robert Brian Crim, pro se. Joseph F. Long, for the respondent. STERRETT MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated June 1, 1982, respondent determined a deficiency in petitioner's Federal income tax for the taxable year ended December 31, 1979 in the amount of $310. The issue before us is whether petitioner's receipt of Federal Reserve notes constituted taxable income to him. Petitioner also *627 raised numerous protester-type allegations in his petition. FINDINGS OF FACT Petitioner, Robert Brian Crim, resided in the borough of Naugatuck, Connecticut at the time he filed his petition in this case. During 1979 he was employed by Sears, Roebuck & Co. Petitioner received $3,064 in Federal Reserve notes as wages from Sears, Roebuck & Co. during 1979, which he did not include in income. OPINION It is well settled that Federal Reserve notes are legal tender, which must be reported on a taxpayer's Federal income tax return in accordance with his method of accounting. White v. Commissioner,72 T.C. 1126, 1128 (1979); Hatfield v. Commissioner,68 T.C. 895, 897 (1977); Gajewski v. Commissioner,67 T.C. 181, 193-195 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Cupp v. Commissioner,65 T.C. 68, 80-81 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); see also United States v. Daly,481 F.2d 28, 30 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), *628 cert. denied 400 U.S. 824 (1970). Petitioner has the burden of proving that he did not receive the income determined by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Since petitioner offered no evidence to refute such determination, he failed to carry his burden of proof. Accordingly, we sustain respondent's determination of deficiency based on the receipt of such income. Petitioner raised a number of tax protester-type arguments. This Court has addressed such arguments on many occasions and will not do so now. See Rowlee v. Commissioner,80 T.C. 1111 (1983); Billman v. Commissioner,83 T.C. 534 (1984). None of these arguments are meritorious. Recently, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which desire careful consideration as speedily as possible. Cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, these *629 frivolous cases add to the case load of the Court, which has substantially increased. They increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Many citizens may dislike paying their fair share of taxes. The greatness of our nation, however, is in no small part due to the willingness of our citizens to participate honestly and fairly in our tax collection system which depends on self-assessment. Any citizen may resort to the courts whenever he in good faith and with a reasonable claim desires to challenge respondent's determination. That does not mean, however, that a citizen may resort to the courts merely to vent his anger and attempt symbolically to throw a wrench at the system. When frivolous cases such as this are brought to court, there is a question as to whether damages should be awarded under section 6673, I.R.C. 1954. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not *630 in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. [1] We have decided to impose such damages in this case in the amount of $500 since *631 this proceeding was instituted primarily for delay. Decision will be entered for the respondent.
Footnotes
1. Congress amended the statute, so that for proceedings commenced after Dec. 31, 1982, this Court is permitted to impose damages up to $5,000 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where taxpayer's position in such proceeding is frivolous or groundless. See sec. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574. Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after Dec. 31, 1982, the statute now permits damages to be awarded under sec. 6673↩, as amended where a proceeding was commenced prior to Jan. 1, 1983 and continues to be maintained as of Nov. 15, 1984. Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 497, sec. 160, amended TEFRA Act sec. 292(e)(2).